UNITED STATES DISTRICT COURT
DISTIRCT OF MINNESOTA

In re dispositive motion practice in cases assigned to The Hon. Paul A. Magnuson                           **ORDER**

The following are deemed dispositive motions under this Order:

1. Motions for preliminary or permanent injunctive relief;

2. Motions to dismiss, for judgment on the pleadings, or for summary judgment;

3. Motions to certify a class action;

4. Motions to exclude expert testimony under <u>Daubert v. Merrill Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), and/or Federal Rule of Evidence 702;

5. Motions to remand or transfer; and

6. Motions to compel arbitration.

Absent the Court's permission, a party moving for a temporary restraining order must file and serve its motion papers, as well as the summons and complaint, on the proposed-enjoined party before the Court will entertain the motion.

A motion for a temporary restraining order is not subject to the 42-day rule set forth below; rather, the Courtroom Deputy will advise the parties of the hearing date and briefing schedule.

All motions for injunctive relief and motions to exclude expert testimony will be handled without live witness testimony, absent advance permission from the Court.

Notwithstanding the provisions of Local Rules 7.1(c)-(d), **IT IS ORDERED** that the following procedures shall apply to the dispositive motion practice in this case:

1. The moving party shall contact the Courtroom Deputy at (651) 848-1150, to secure a hearing date <u>at least 42 days</u> in the future. Once the moving party has secured a hearing date, it shall promptly file a notice of motion informing all parties of the nature of the motion and the hearing's date, time, and location (United States District Court/Federal Building, 316 Robert Street North, courtroom to be determined, Saint Paul, MN 55101).

2. The moving party shall serve and file the following documents <u>at least 42 days</u> before the scheduled hearing: motion, memorandum of law, and any affidavits and exhibits. The party shall provide the Court with one hard copy of its memorandum of law and one hard copy of any affidavits and exhibits. Additionally, the party shall email Microsoft Word versions of the motion and memorandum of law to Magnuson_chambers@mnd.uscourts.gov.

3. The responding party shall serve and file the following documents <u>at least 21 days</u> before the hearing: memorandum of law and any affidavits and exhibits. The party shall provide the Court with one hard copy of its memorandum of law and one hard copy of any affidavits and exhibits. Additionally, the party shall email a Microsoft Word version of the memorandum of law to Magnuson_chambers@mnd.uscourts.gov.

4. The moving party may serve and file a reply memorandum of law <u>at least 14 days</u> before the hearing. A reply memorandum shall not raise new grounds for relief or present matters that do not relate to the response. The party shall provide the Court with one hard copy of its reply memorandum of law and one hard copy of any affidavits and

exhibits.  The party shall also email a Microsoft Word version of the reply memorandum of law to Magnuson_chambers@mnd.uscourts.gov.

5. Judge Magnuson rarely holds oral argument on <u>Daubert</u> motions; the courtroom deputy will inform the parties if oral argument is necessary.  It is Judge Magnuson's strong preference that <u>Daubert</u> motions be filed and scheduled in conjunction with motions for summary judgment if possible.

6. Parties are discouraged from providing the Court with notices of electronic filing, word count compliance certificates, and certificates of service.

7. If the Court <u>sua sponte</u> cancels the hearing or continues the hearing date, all subsequently filed motions papers must be served as if the original hearing date were still in effect, unless otherwise directed by the Court.

8. Parties need not meet and confer, as required under Local Rule 7.1(a), before filing a dispositive motion, although they are encouraged to do so to attempt to narrow the issues presented to the Court.  All other provisions in Local Rule 7.1 are unaffected by this Order and remain applicable, including the word limitations in Rule 7.1(f).

If a Defendant enters its appearance after this Order is filed, the Plaintiff(s) is directed to notify the Defendant of the existence of this Order and furnish a copy hereof.

Dated:  <u>March 1, 2024</u>                                      *s/Paul A. Magnuson*
                                                                                  Paul A. Magnuson
                                                                                  United States District Court Judge